UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

 J.R. FRAZIER & SONS, INC.,

                              Plaintiff,

            v.                                          3:06-cv-0162

WILLIAM BURTON,

                              Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

        Plaintiff commenced the instant action asserting claims of breach of contract and

quantum meruit.  Presently before the Court is Plaintiff's unopposed motion for summary

judgment pursuant to Fed. R. Civ. P. 56.

**I.        FACTS**[1]

        During the years of 2003-2005, Defendant engaged in a business known as

Summerwood Greenhouses.  During those years, Defendant, individually and as owner of

Summerwood Greenhouses, ordered various goods from Plaintiff.  Plaintiff accepted the

orders and supplied the goods to Defendant.  Defendant failed to make certain payments to

Plaintiff on the delivered goods.  Although Defendant claims that he should be credited for

certain amounts claimed as due and owing by Plaintiff, Defendant has not supplied any

evidence in support of this claim.

---

        [1] Despite being provided with a notice warning of the consequences of a motion for summary
judgment and the obligations in response thereto, Defendant has failed to respond to Plaintiff's motion.
Accordingly, the facts set forth in Plaintiff's properly supported statement of material facts are deemed
admitted.  N.D.N.Y.L.R. 7.1(a)(3).

## II.    DISCUSSION

Through its Statement of Material Facts and the response to interrogatories provided by Defendant, Plaintiff has met its burden of demonstrating the breach of valid contracts for the sale of the goods in question.  ALJ Capital I, L.P. v. David J. Joseph Co., 15 Misc.3d 1127(A), Slip Copy, 2007 WL 1218355 (Table) (Sup. Ct. New York County) (noting that to prevail on a breach of contract claim, a plaintiff must establish: (1) existence of a binding contract; (2) plaintiff's performance of the contract; (3) defendant's material breach of the contract; and (4) resulting damages).  Defendant ordered the goods and Plaintiff supplied them.  This satisfied the first and second elements.  Defendant, however, failed to pay Plaintiff for the goods.  This satisfies the third and fourth elements.  Accordingly, Plaintiff is entitled to summary judgment on the issue of liability.

With respect to the issue of damages, Plaintiff has submitted copies of the invoices that it claims have not been paid.  In the absence of any evidence suggesting that these invoices were paid or that Defendant is otherwise entitled to any setoff, Plaintiff is entitled to judgment in the amount of $79,076.00 plus interest.

Plaintiff's request for an award of costs, disbursements, and attorneys' fees is denied without prejudice to the filing of a proper bill of costs.

IT IS SO ORDERED.

Dated:June 28, 2007

_____
Thomas J. McAvoy
Senior, U.S. District Judge